UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRICE MITCHELL,

    Plaintiff,

v.                                          CASE NO. 8:17-cv-1258-T-23AEP

POLK COUNTY SHERIFF'S OFFICE,
 *et al.*,

    Defendants.
_____/

## **O R D E R**

This action proceeds on a complaint that Mitchell filed in the United States District Court for the Middle District of Alabama, which action the court transferred to this district court under 28 U.S.C. § 1406(a). Venue is proper in this district court because the action is based on events that occurred in Polk County, Florida.

Mitchell's complaint alleges that the defendants violated his civil rights by searching his home with neither permission nor a warrant. Mitchell has neither moved for leave to proceed *in forma pauperis* nor paid the required filing fee. Nevertheless, whether he proceeds *in forma pauperis* or he pays the filing fee, the district court must dismiss an action if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (if proceeding *in forma paupeis*) and 28 U.S.C. § 1915A (if the filing fee is paid).

Mitchell pursued this action against these same defendants in an earlier action, *Mitchell v. Polk County Sheriff's Office*, 8:14-cv-1822-T-17JSS, which concluded with the granting of the defendants' motion to dismiss. (Doc. 54 in 14-cv-1822) Although the complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Mitchell is precluded from again pursuing his action against these defendants. *Morris v. May*, 570 Fed. App'x 903, 904–05 (11th Cir. 2014),[1] explains that Mitchell's complaint is subject to dismissal.

> When a plaintiff proceeds *in forma pauperis*, the district court must dismiss the case if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). For example, if it is clear that an affirmative defense bars the complaint, dismissal at the screening stage is appropriate. *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 (11th Cir.1990) ("[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed").
>
> . . . .
>
> One of the affirmative defenses that may lead to dismissal at the screening stage is the doctrine of claim preclusion (otherwise known as *res judicata*).

Mitchell's earlier action was based on the same asserted claims and against the same defendants as in the present complaint. "The doctrine of *res judicata* in federal law prohibits the filing of claims which were raised or could have been raised in an earlier proceeding." *United States v. Barnette*, 10 F.3d 1553, 1561 (11th Cir.), *cert. denied*, 513 U.S. 816 (1994) (quotation marks omitted). *Citibank, N.A. v. Data Lease*

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

*Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990), explains that a second action is barred under the principle of claim preclusion if four elements are present:

> Claim preclusion bars a subsequent lawsuit when four elements are present: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved both cases." *I.A. Durbin*, 793 F.2d at 1549.

Each element exists in the present action. Mitchell's earlier action (1) concluded with the granting of the defendants' motion to dismiss, (2) was decided by a court with proper jurisdiction, (3) involves the same parties, and (4) asserts the same cause of action. As a consequence, Mitchell is barred from pursuing the present action. Moreover, even though he filed his complaint in the United States District Court for the Middle District of Alabama, Mitchell included the earlier case number on the face of the complaint.

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on June 5, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE